**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ALEXANDER PE, ) | Case No. 21-00080 (ELG) |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| PRAVATI SPV II, LLC, a Delaware limited ) liability company, ) | |
| Plaintiff, ) | |
| v. ) | |
| ALEXANDER PE, ) | |
| Defendant. ) | |

**ADVERSARY COMPLAINT FOR DETERMINATION OF DISCHARGABILITY AND OBJECTING TO DISCHARGEABILITY OF CLAIM PURSUANT TO SECTION § 523 OF THE BANKRUPTCY CODE**

Plaintiff-Creditor Pravati SPV II, LLC, a Delaware limited liability company ("Pravati" or "Plaintiff-Creditor"), for its Adversary Complaint against Defendant-Debtor Alexander Pe (the "Debtor"), respectfully alleges:

**JURISDICTION**

1. On March 25, 2021, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia.

2. As of the date of this Complaint, the Debtor has not been granted a discharge.

3. This Compliant is timely filed.

1

4. This is an adversary proceeding in which the plaintiff-creditor is seeking a determination as to the dischargability of the debt owed by the Debtor the Plaintiff under Bankruptcy Code §§525(A)(2)(A), 523(a)(4), 523(a)(6).

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 727.

6. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

7. Plaintiff-Creditor repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if set forth at length herein.

8. Plaintiff-Creditor is a limited liability company organized under the laws of the State of Delaware.

9. Plaintiff-Creditor is a national provider of funding solutions to the legal industry.

10. Debtor is a Maryland-based attorney who took funding from Plaintiff-Creditor in 2016.

11. Plaintiff-Creditor is a judgment creditor of the Debtor.

12. Defendant is the Debtor in the above-captioned case and resides in the District of Colombia.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff-Creditor repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if set forth at length herein.

14. In October 2016, Debtor misrepresented Debtor's intentions, the status of his business, his case inventory, the jeopardized status of his law license, his financials, and his use of funds to fraudulently induce Pravati to enter into the Law Firm Legal Funding Contract & Security

Agreement (the "Agreement") which provided that Plaintiff-Creditor would remit thousands of dollars to Debtor as an advance, which funding gives rise to Plaintiff-Creditor's claim hereunder.

15. Pursuant to the Agreement, Plaintiff-Creditor in November 2016 funded the advance and wired thousands of dollars to Debtor.

16. At the time of funding, Debtor's representations as to the status of his business as a going concern were untrue.

17. Upon receiving the funding, Debtor immediately withdrew all the funds and left the business insolvent, with no liquidity.

18. At the time of funding, Debtor failed to disclose that he was at risk of suspension from the practice of law and/or that disciplinary proceedings were pending or about to be commenced.

19. Debtor never repaid a penny to Plaintiff-Creditor.

20. Debtor shut down his business within months of receiving funds from Plaintiff-Creditor.

21. Debtor breached the Agreement with Plaintiff-Creditor in many ways.

22. As a result of the foregoing, Plaintiff-Creditor in May 2018 commenced arbitration proceedings before the American Arbitration Association ("AAA") and against Debtor, as Case No. 01-18-0002-0471 (the "Arbitration").

23. Following the October 16, 2018, evidentiary hearing in the Arbitration, the Arbitrator issued the Final Award of Arbitrator dated October 31, 2018 (the "Award") finding that "Respondents [Debtor] fraudulently induced Pravati to enter into the Law Firm Legal Funding Contract & Security Agreement dated October 26, 2016 ('Agreement') by misrepresenting their current and active cases and financial status to Pravati for underwriting purposes."

24. Further, the Arbitrator found that "Respondents [Debtor] also breached the Agreement by failing to make any payments to Pravati and by failing to keep Pravati informed concerning their state bar licensure status and Law Firm's status as an entity."

25. As a result, the Arbitrator entered an Award against Debtor and in favor of Plaintiff-Creditor for $ 64,721.91, plus ongoing interest, collection expenses, and fees.

26. On June 28, 2019, Plaintiff-Creditor petitioned the Superior Court of Arizona to confirm the Award and enter judgment thereupon.

27. On or about May 19, 2020, the Superior Court of Arizona entered judgment ("Judgment") against Debtor and in favor of Plaintiff-Creditor upon the Award. By this time, the balance had grown to $98,610.56, plus ongoing interest, collection expenses, and fees.

28. Thereafter, nearly a year later, on March 25, 2021, Debtor filed a Chapter 7 Bankruptcy Petition with this Court.

### COUNT I — NON-DISCHARGABILITY OF PLAINTIFF-CREDITOR'S JUDGMENT UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

29. Plaintiff-Creditor repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if set forth at length herein.

30. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727,1141, 1228(a), 1228(b) or 1328(b) f this title does not discharge an individual debtor from any debt—
> …
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition….

31. All or part of the debt owed to Plaintiff-Creditor, as evidenced by the Award and Judgment entered against the Debtor, is non-dischargeable as it is a debt for money, property, services or an

4

extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(a).

## **COUNT II — NON-DISCHARGABILITY OF PLAINTIFF-CREDITOR'S JUDGMENT UNDER SECTION 523(a)(2)(B) OF THE BANKRUPTCY CODE**

32.    Plaintiff-Creditor repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if set forth at length herein.

33.    Bankruptcy Code § 523(a)(2)(B) provides, in relevant part, that:

    (a) A discharge under section 727,1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
…

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

        (B) use of a statement in writing—

            (i) that is materially false;
            (ii) respecting the debtor's or an insider's financial condition;
            (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
            (iv) that the debtor caused to be made or published with intent to deceive….

34.    All or part of the debt owed to Plaintiff-Creditor, as evidenced by the Award and Judgment entered against the Debtor, is non-dischargeable as it is a debt for money, property, services or an extension, renewal, or refinancing of credit, that was obtained by the use of a statement in writing that is materially false, respecting the Debtor's or an insider's financial condition, on which Plaintiff-Creditor reasonably relied, and that Debtor caused to be made or published the same with the intent to deceive Plaintiff-Creditor within the meaning of Bankruptcy Code § 523(a)(2)(B).

///

5

///

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of Plaintiff-Creditor against the Debtor is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A) or (B), and granting plaintiff such other and further relief as this Court may deem just and proper, including but not limited to fees and costs incurred in this Adversary Proceeding.

Dated: June 28, 2021                              */s/ James K. Haney*
                                                                                 WONG FLEMING
                                                                                 James K. Haney (Bar ID 488440)
                                                                                 Attorney for Plaintiff
                                                                                 1200 G Street, NW, Suite 800
                                                                                 Washington, D.C. 20005
                                                                                 Phone: (855) 220-9664
                                                                                 Email: jhaney@wongfleming.com