## IN THE UNITED STATES BANKRUPTCY COURT, THE DISTRICT OF COLUMBIA

In re:

|  |  |  |
|---|---|---|
|  | } |  |
| Alexander X Pe | } | Bankruptcy Case No. # 21-00080-ELG |
| Defendant-Debtor |  | Chapter 7 |
| v. | } |  |
| Pravati SPV II, LLC |  | Adv. Proceeding No. # 21-10018-ELG |
| Plaintiff-Creditor | } | Before The Honorable Elizabeth L. Gunn |

**RESPONSE OF DEFENDANT-DEBTOR**

Comes Now Defendant-Debtor Alexander X. Pe who agrees the court has jurisdiction, but denies any and all allegations of fraud. Additionally, Defendant-Debtor has never been sanctioned by any court of any jurisdiction, whatsoever. A foreign state arbitrator made a default judgment for Plaintiff-Creditor incorporating the incorrect and false accusations of fraud. No court anywhere has held hearing about fraud. Defendant-Debtor practices law in Maryland, and was offered loan by a firm offering loans to law firms. Plaintiff-Creditor accusation that Defendant-Debtor law license was sanctioned is false, defamatory and shows the matter to be tainted with false accusations.

The lender later demanded arbitration hearing in Arizona, which Defendant-Debtor was unable to attend, so Plaintiff-Creditor received only a default judgment from a foreign arbitrator. Defendant-Debtor made full disclosure of legal case portfolio, all of which were cases pending. Defendant-Debtor demands proof of this purported fraud.

Foreign arbitral awards, particularly those based on false accusations, are fully dischargeable under the Chapter 7 rules of the US Bankruptcy Court of The District of Columbia.

Specific Defendant-Debtor Responses to Plaintiff-Creditor by number:

1) No objection.

2) No objection.

3) Defendant-Debtor does not confirm or deny.

4) No objection.

5) Agreed to jurisdiction.

6) Agreed as to core proceeding.

7) Denied.

8) Defendant-Debtor does not confirm or deny status of Plaintiff-Creditor corporate license.

9) Defendant-Debtor is not aware of current national status of Plaintiff-Creditor.

10) Defendant-Debtor is a Maryland licensed Attorney, with no record of any sanctions, who was offered and received general legal business operations loan after showing portfolio of cases pending.

11) Defendant-Debtor does not have information to confirm or deny the possible debt ownership.

12) No objection.

13) Denied.

14) Denied. Defendant-Debtor was a partner in law firm which was offered and received a loan. Accusations about law license of Defendant-Debtor are false, defamatory and inflammatory. Defendant-Debtor responds that the Plaintiff-Creditor made false accusations which can easily be proven false as Defendant-Debtor has never had a disciplinary action made by any court in any jurisdiction, whatsoever.

15) Defendant-Debtor does not have information to confirm or deny the sender of loan proceeds.

16) Denied. Defendant-Debtor was a member of a law firm which showed the lender the portfolio of cases pending, and no particular outcomes of any case were guaranteed.

17) Denied. Defendant-Debtor made no "immediate withdrawal" of all funds. Funds were held in the firm's operating account and used for general firm expenses to the best of the Defendant-Debtor's knowledge. The law partners co-managed the firm's operating account until Defendant-Debtor left the firm.

18) Denied. Defendant-Debtor was a partner in law firm which was offered and received a loan. Accusations about law license of Defendant-Debtor are false, defamatory and inflammatory. Defendant-Debtor requests the court recognize the Plaintiff-Creditor is using false accusations

    which can easily be proven false as Defendant-Debtor has never had a disciplinary action made by any court in any jurisdiction, whatsoever.

19) Defendant-Debtor does not have information to confirm or deny, as another law partner handled the payable/receivable payments of the firm after Defendant-Debtor left the firm.

20) Denied. Defendant-Debtor has continued in practice of law after leaving the firm. To Defendant-Debtor's knowledge, the other law partner continued operating the firm after Defendant-Debtor's withdrawal from the firm.

21) Denied.

22) No objection.

23) Denied, Plaintiff-Creditor is not using proper context as this was a default judgment and Plaintiff-Creditor has made false accusations in the adversarial which indicate a high probability that false accusations were made to obtain the default judgment.

24) Denied, the applicable licensing accusation was against a different law partner NOT the Defendant-Debtor.

25) Denied. Defendant-Debtor is not aware of the amount of interest charges requested or rate of interest charged.

26) The foreign judgment in Arizona was default judgment, Defendant-Debtor has no knowledge of any fraud. Plaintiff-Creditor was given complete portfolio of cases and performed their own due diligence of Defendant-Debtor, the other law partner, and their law firm.

27) The date of the AZ judgment was May 20, 2020, not May 19th

28) Neither confirmed or denied.

29) Denied, Defendant-Debtor was offered a loan and received in good faith.

30) Denied, a state judgment may be discharged in Federal Bankruptcy Court.

31) Denied.

32) Denied. Defendant-Debtor made no false representations.

33) Denied.

34) Denied.

Respectfully Submitted,


\_\_\_\_\_**/S/ James Hobi, Attorney for Defendant-Debtor**_____

James Hobi, Attorney for Defendant-Debtor
U.S. Bankruptcy Court of The District of Columbia
Bar ID # DE0003


I, James Hobi, certify mailing by stamp mail to Plaintiff Counsel:
James K. Haney
Wong-Fleming Law
1200 G Street, NW Ste 800
Washington DC 20005


\_\_\_\_\_**/S/ James Hobi, Attorney for Defendant-Debtor**_____