# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Chapter 7 |
| ALEXANDER PE, | |
| Debtor. | Case No. 21-00080-ELG |

| | |
|---|---|
| PRAVATI SPV II, LLC, a Delaware Limited Liability Corporation, | |
| | Adversary Proceeding |
| Plaintiff, | |
| -against- | |
| ALEXANDER PE, | |
| | Case No. 21-10018-ELG |
| Defendant. | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Pravati SPV II, LLC ("Pravati") hereby moves this Court to enter summary judgment finding that Pravati's claim [Claim 1-1] is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2). This Motion is supported by the accompanying memorandum, Separate Statement of Facts, and the exhibits thereto.

Dated: February 7, 2022

/s/ Amelia T. Taylor

WONG FLEMING
Amelia T. Taylor, Esq.
Attorney for Plaintiff
1200 G Street, NW, Suite 800
Washington, D.C. 20005
Phone: (855) 220-9664

1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Chapter 7 |
| ALEXANDER PE, | |
| Debtor. | Case No. 21-00080-ELG |

| | |
|---|---|
| PRAVATI SPV II, LLC, a Delaware Limited Liability Corporation, | |
| Plaintiff, | Adversary Proceeding |
| -against- | |
| ALEXANDER PE, | |
| Defendant. | Case No. 21-10018-ELG |

## MEMORANDUM OF POINTS AND AUTHORITIES

Dated: February 7, 2022

*Amelia T. Taylor*

WONG FLEMING
Amelia T. Taylor, Esq.
Attorney for Plaintiff
1200 G Street, NW, Suite 800
Washington, D.C. 20005
Phone: (855) 220-9664

1

## I. INTRODUCTION

Pravati is the holder of a judgment ("Judgment") against Alexander Pe ("Debtor") for more than $89,316.24. (SSOF ¶¶ 1-2). The Judgment, dated May 19, 2020, is based on an arbitration award (the "Confirmed Award") entered on the merits following an evidentiary hearing in an arbitration proceeding (the "Arbitration") in which Debtor participated but which hearing he knowingly failed to attend. (SSOF ¶ 4). Debtor was properly served in and had notice of both the Arbitration and the confirmation proceeding before the Arizona Superior Court that resulted in confirmation of the arbitration award and entry of the Judgment. (SSOF Ex. A; SSOF Ex. B).

Debtor is a lawyer who years ago received approximately $43,750 in funding from Pravati pursuant to the Law Firm Legal Funding Contract & Security Agreement dated October 26, 2016 (the "Agreement"). (SSOF Ex. B ¶ 5(A)(i)). At the time, Debtor was practicing law with a now-disbarred lawyer, Samuel Hensley, as Hensley Pe Law, LLC ("Law Firm"). (SSOF ¶¶ 9-11). In the underlying arbitration, Pravati successfully established that Debtor, who formed Law Firm just one month prior obtaining funding from Pravati, had "fraudulently induced Pravati to enter into the Law Firm Legal Funding Contract & Security Agreement dated October 26, 2016 by misrepresenting their current and active cases and financial status to Pravati for underwriting purposes." (SSOF Ex. B ¶¶ 4-5).

The Arizona Judgment, which Debtor never timely appealed or otherwise challenged, is entitled to full faith and credit in this Court. (SSOF ¶ 13). The Confirmed Award has *res judicata* effect on Debtor.

## II. STATEMENT OF JURISDICTION

Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is a core proceeding.

### III.     FACTS & PROCEDURAL HISTORY OF DISPUTE

Pravati is the holder of a judgment ("Judgment") against Alexander Pe ("Debtor") for more than $89,316.24. (SSOF ¶ 1). The Judgment, dated May 19, 2020, is based on an arbitration award (the "Confirmed Award") entered following an evidentiary hearing in an arbitration proceeding (the "Arbitration"). (SSOF ¶ 3).

Despite having actual notice of the Arbitration and having communicated with the Arbitrator, AAA, and counsel for Pravati during the course of the Arbitration, Debtor failed to appear for the evidentiary hearing. (SSOF ¶¶ 5-6; SSOF Ex. B ¶¶ 1-2). At the Arbitration hearing, Pravati was required to make a prima facia showing as to its claims in the Arbitration supported by specific evidence meeting the applicable standard of proof. (SSOF ¶ 7).

Pravati's proof at the hearing ultimately led the Arbitrator to conclude as follows in the Confirmed Award:

> After considering (i) the documents submitted into evidence at the hearing; (ii) the hearing testimony; (iii) the applicable case and statutory law; ;and (iv) Pravati's arguments, *I find that Respondents fraudulently induced Pravati to enter into the Law Firm Legal Funding Contract & Security Agreement dated October 26, 2016* ("Agreement") by misrepresenting their current and active cases and financial status to Pravati for underwriting purposes.

(SSOF Ex. B ¶ 3) (emphasis supplied).

Upon successful petition by Pravati, the Arizona Superior Court in the Confirmation Case entered Judgment in favor of Pravati and against Debtor on May 19, 2020. (SSOF ¶ 1-3; SSOF Ex. A).

### IV.     ARGUMENT

*a. Summary Judgment Standard*

3

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment under Rule 56 is proper if "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "bears the initial responsibility" to establish the lack of a genuine issue of material fact. *Id.* at 323. Once the moving party does so, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must establish specific facts showing there is a genuine issue for trial, which requires more than just speculation or conclusory statements. *Id.* at 587.

While it is the Court's role at the summary judgment stage to determine whether there is a genuine issue for trial, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal citation omitted).

   b. **The Judgment is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)**

11 U.S.C. § 523(a)(2) provides as follows:

A discharge under section 727, 1141, 1192, 1228(b), or 1328(b) of this title, does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
    (B) use of a statement in writing—

4

(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with the intent to deceive[.]

28 U.S.C. § 1738 provides that judgments of any court "shall have the same full faith and credit in every court of the United States . . . as they have by law or usage in the courts of such state." "Since the confirmation of a private arbitration award by a state court has the status of a judgment, federal courts must, as a matter of full faith and credit, afford the confirmation the same preclusive consequences as would occur in state court." *Khaligh v. Hadaegh*, 338 B.R. 817, 824 (9th Cir. B.A.P. 2006), *affirmed in full by Khaligh v. Hadaegh*, 506 F.3d 956 (9th Cir. 2007). Accordingly, because the Judgment against Debtor was entered in Arizona state court, Arizona's law of claim preclusion is to be applied. *See, e.g. Pres. Bank, FSB v. 1733 27th St. SE LLC*, 318 F. Supp. 3d 61, 70-72 (D. D.C. 2018) (applying Maryland's law of res judicata to Maryland judgment).

Under Arizona law, the doctrine of claim preclusion, or res judicata, protects litigants and promotes judicial economy by preventing needless litigation of the same issue more than once. *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 6 (1999). It applies "when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the parties or their privities was, or might have been, determined in the former action." *Id*. at ¶ 7. Claim preclusion bars litigation not only of those facts that were actually litigated but also those facts which might have been raised in the earlier suit. *Pettit v. Pettit*, 218 Ariz. 529, 531 (App. 2008). Likewise, a defendant Claim preclusion is a question of law. *Id.*

Here, Pravati has a Judgment on the Confirmed Award following the successful arbitration of its claim against Debtor for fraudulent inducement under Arizona law, pursuant to the Agreement's choice of law selection. (<u>SSOF</u> ¶ 15; <u>SSOF</u> Ex. H, § 1). Pravati was required to put on a full evidentiary hearing. (<u>SSOF</u> Ex. B, ¶ 2 ("This matter was tried to the Arbitrator on October 16, 2018. Pravati appeared at the hearing through counsel, Ian Abaie, with one witness."; *see also* <u>SSOF</u> ¶ 8; <u>SSOF</u> Ex. G ¶ 7). Pravati's proof at the hearing ultimately led the Arbitrator to conclude as follows in the Confirmed Award:

> After considering (i) the documents submitted into evidence at the hearing; (ii) the hearing testimony; (iii) the applicable case and statutory law; ;and (iv) Pravati's arguments, ***I find that Respondents fraudulently induced Pravati to enter into the Law Firm Legal Funding Contract & Security Agreement dated October 26, 2016*** ("Agreement") by misrepresenting their current and active cases and financial status to Pravati for underwriting purposes.

(<u>SSOF</u> Ex. B, ¶ 3) (emphasis supplied).

In Arizona, to prevail on a claim for common law fraud, as Pravati did here, requires a showing, ***upon clear and convincing evidence***, of: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; and (9) consequent and proximate injury. *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500 (1982). By contrast, on an objection to the dischargeability of a particular obligation, a creditor has the burden of proving an exception under Section 523(a) only by a preponderance of the evidence. *Jones v. Jones*, 9 F.3d 878, 880 (10th Cir. 1993). Nonetheless, Pravati's proof in the prior litigation satisfied all nine elements to the higher, clear and convincing standard – this required a significant showing of evidence from Pravati. The lower standard of proof for non-dischargeability for "actual

6

fraud" and "a false representation" is easily satisfied by Pravati's clear and convincing showing on fraudulent inducement in the prior litigation, which necessarily requires a showing of a false material representation for purposes of 11 U.S.C. § 523(a)(2). Furthermore, Pravati prevailed on its claim for fraud, which meets the standard for "actual fraud" under 11 U.S.C. § 523(a)(2)(A). Pravati now has a Judgment on the Confirmed Award. The fraud claim, which has been reduced to judgment, has res judicata effect upon Debtor and is not subject to relitigation.

In this case, whether the Court awards Pravati relief under § 523(a)(2)(A) or § 523(a)(2)(B) turns on the issue of whether Debtor's fraudulent statements were "respecting the debtor's or an insider's financial condition." Pravati's position at the Arbitration was that Debtor's false representations were regarding the cases, historical and future performance, and financial status of **Hensley Pe Law, LLC**. (SSOF Ex. G, ¶ 13). For purposes of § 523(a)(2), Pravati contends that representations as to Hensley Pe Law, LLC do not constitute representations as to Debtor individually; in other words, Pravati contends that § 523(a)(2)(A) is applicable. Nonetheless, to the extent the Court decides that misrepresentations regarding Hensley Pe Law, LLC's cases and finances constitute misrepresentations regarding Debtor's personal "financial condition", however, this debt would then fall under § 523(a)(2)(B), because Pravati's fraudulent inducement claim requires a finding of materiality and intent as elements, as explained *supra*, and because there in fact was a writing.

As to the requirement of a writing under § 523(a)(2)(B), the Arbitrator in the Confirmed Award acknowledged that his findings were based on "documents admitted into evidence at the hearing." (SSOF Ex. B, ¶ 3). Specifically, in connection with the solicitation of funding from Pravati, Debtor published to Pravati a written application containing false financial information, including but not limited to a false case list. (*See* SSOF Ex. D). As the Arbitrator already found,

7

these false representations were made "to Pravati for underwriting purposes" in order to "fraudulently induce" Pravati to enter into the Law Firm Legal Funding Contract & Security Agreement dated October 26, 2015." (<u>SSOF</u> Ex. B, ¶ 3). Having already prevailed on the merits, Pravati need not relitigate these same issues to the lower standard of preponderance of the evidence. The doctrine of res judicata precludes such inefficiency.

Finally, in confirming the Confirmed Award, the Superior Court of Arizona necessarily determined that Arbitration was the proper mechanism for resolution of the Parties' dispute, that the Arbitration was proper, that Debtor was properly served with process in the Confirmation Case, and that the Superior Court of Arizona had jurisdiction to confirm the Confirmed Award. (*See* <u>SSOF</u> Ex. F).

## V.  CONCLUSION

Pravati has been in arbitration and litigation against Debtor for years now, commencing in 2018. Pravati was required to prove its fraud claim on the merits in the arbitration by clear and convincing evidence, a standard of evidence higher than required here. Debtor cannot in this Court obtain respite from the fact that Debtor blew off the Arbitration hearing despite having actual notice of the hearing and the proceeding, or the fact that Debtor blew off the prior litigation in the Arizona Superior Court despite having been properly served. The Confirmed Award conclusively demonstrates that Pravati is a victim of Debtor's fraud. Pravati should not be required to and there is no legal basis to require Pravati to undergo the time and expense of having to prove its fraud claim a second timely merely because Debtor chose to blow off the Arbitration and the Confirmation case. The Court should enter summary judgment by ruling that Pravati's claim against Debtor is non-dischargeable under 11 U.S.C. § 523(a)(2).

8

Dated: February 7, 2022

*Amelia T. Taylor*

WONG FLEMING
Amelia T. Taylor, Esq.
Attorney for Plaintiff
1200 G Street, NW, Suite 800
Washington, D.C. 20005
Phone: (855) 220-9664

9

| | |
|---|---|
| In re: | Chapter 7 |
| ALEXANDER PE, | |
| Debtor. | Case No. 21-00080-ELG |

| | |
|---|---|
| PRAVATI SPV II, LLC, a Delaware Limited Liability Corporation, | |
| | Adversary Proceeding |
| Plaintiff, | |
| -against- | |
| ALEXANDER PE, | |
| | Case No. 21-10018-ELG |
| Defendant. | |

**SEPARATE STATEMENT OF FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1.     Pravati is the holder of a judgment ("Judgment") issued by the Arizona Superior Court in Maricopa County, Arizona under Case No. CV2019-003555 (the "Confirmation Proceeding") against lawyer Alexander Pe ("Debtor") for more than $89,316.24. (Ex. A; Ex. G ¶ 4).

2.     The Judgment remains fully outstanding as of the date of this filing. (Ex. G ¶ 4).

3.     Exhibit A, attached hereto, is a true and correct copy of the Judgment. (Ex. G ¶ 4).

4.     The Judgment, dated May 19, 2020, is based on an arbitration award (the "Confirmed Award") entered following an evidentiary hearing in an arbitration proceeding (the "Arbitration") before the American Arbitration Association ("AAA") as case no. 01-18-0002-0471. (Ex. A, pg. 1; Ex. B ¶ 1; Ex. G ¶ 5).

5.     Exhibit B, attached hereto, is a true and correct copy of the Confirmed Award. (Ex. G ¶ 5).

6.     In relation to the Arbitration, Debtor on October 10, 2018, prior to the evidentiary hearing, communicated to the Arbitrator, American Arbitration Association, and counsel for Pravati with regard to the Arbitration. (Ex. C; Ex. G ¶ 6).

1

7. <u>Exhibit C</u>, attached hereto, is a true and correct copy of the email message that Debtor sent in the Arbitration. (<u>Ex. G</u> ¶ 6).

8. At the Arbitration hearing, Pravati was required to make a prima facia showing as to its claims in the Arbitration supported with reference to specific evidence meeting the applicable standard of proof. (<u>Ex. G</u> ¶ 7).

9. <u>Exhibit D</u> is a true and correct copy of a writing that Pravati introduced into the Arbitration to establish Debtor's fraudulent inducement – specifically, the fraudulent case list. (<u>Ex. G</u> ¶ 8).

10. <u>Exhibit E</u> is a true and correct copy of the Maryland Judiciary's online Maryland Attorney Listing which Pravati introduced and the Arbitrator admitted into evidence to show that Samuel Hensley had been administratively suspended from the practice of law. (<u>Ex. G</u> ¶ 9).

11. Samuel Hensley has since been disbarred. (<u>Ex. G</u> ¶ 10).

12. <u>Exhibit F</u> is a true and correct copy of the certificate of service that Pravati filed in the Confirmation Proceeding in the Arizona Superior Court. (<u>Ex. G</u> ¶ 11)

13. Debtor has not timely appealed or otherwise challenged the Judgment in Arizona. (<u>Ex. G</u> ¶ 12).

14. <u>Exhibit G</u> is a true and correct Declaration of Ian Abaie, who served as counsel for Pravati in the Arbitration and in the Confirmation Case.

15. <u>Exhibit H</u> is a true and correct copy of the Arbitrator's Preliminary Hearing and Scheduling Order #1, issued in the Arbitration on August 24, 2018, which shows that the Arbitrator applied Arizona law to the dispute, pursuant to the Agreement's choice of law provision. (<u>Ex. G</u>, ¶ 14).

Dated: February 7, 2022

*/s/ Amelia T. Taylor*
WONG FLEMING
Amelia T. Taylor, Esq.

2

Attorney for Plaintiff
1200 G Street, NW, Suite 800
Washington, D.C. 20005
Phone: (855) 220-9664

3

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Chapter 7 |
| ALEXANDER PE, | |
| Debtor. | Case No. 21-00080-ELG |

| | |
|---|---|
| PRAVATI SPV II, LLC, a Delaware Limited Liability Corporation, | |
| Plaintiff, | Adversary Proceeding |
| -against- | |
| ALEXANDER PE, | |
| Defendant. | Case No. 21-10018-ELG |

## PROOF OF SERVICE

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 7, 2022 at the address(es) listed below:

Tommy Andrews, Jr., Jr
on behalf of Debtor Alexander X. Pe
tandrews@andrewslaw.net

James B. Hobi
j.brett.hobi.law@gmail.com


Dated: February 7, 2022

*Amelia T. Taylor*

WONG FLEMING
Amelia T. Taylor, Esq.
Attorney for Plaintiff
1200 G Street, NW, Suite 800
Washington, D.C. 20005
Phone: (855) 220-9664