The order below is hereby signed.

Signed: September 27 2022



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | Case No. 21-00080-ELG |
| **Alexander X. Pe,** Debtor. | Chapter 7 |
| **Pravati SPV II, LLC,** Plaintiff, | Adv. Pro. No. 21-10018-ELG |
| v. | |
| **Alexander X. Pe,** Defendant. | |

## MEMORANDUM DECISION

The Court has before it the fully briefed *Plaintiff's Motion for Summary Judgment* (the "Motion") (ECF No. 12) filed by Pravati SPV II, LLC ("Pravati" or "Plaintiff") in support of its *Adversary Complaint for Determination of Dischargability (sic) and Objecting to Dischargeability of Claim Pursuant to Section § 523 of the Bankruptcy Code* (the "Complaint") (ECF No. 1) and *Motion to Strike Plaintiff Reply* (the "Motion to Strike") (ECF No. 15) filed by Alexander Pe (the "Debtor"). The parties submitted the Motion and the Motion to Strike to the Court on the papers. For the reasons stated herein, the Court grants the Motion and denies the Motion to Strike, and a separate order on judgment will follow.

## Background

*a.     Arizona Arbitration and Judgment*

Beginning in 2016, the Debtor was a partner with Sam Hensley ("Mr. Hensley") in the two-lawyer Maryland law firm of Hensley Pe Law, LLC (the "Firm"). *See* Pl's Ex. D, ECF No. 12-5. In September 2016, the Firm, the Debtor, and Mr. Hensley completed a Law Firm Case Portfolio Funding Application (the "Application") with Advanced Legal Capital LLC (a law firm financing group), and on October 26, 2016 entered into a Law Firm Legal Funding Contract and Security Agreement (the "Agreement") with Pravati for a maximum total loan amount of $50,000. Compl. at ¶ 14, ECF No. 1; Pl's. Ex. D, ECF No. 12-5. The Agreement contained an arbitration provision. Pl's Ex. B, ECF No. 12-3. In the Application and in support of the requested loan, the Firm, the Debtor, and Mr. Hensley were required to list current clients and include certain information regarding the Firm's financial status. Pl's Ex. D, ECF No. 12-5. The Application included a list of thirteen separate matters for ten different clients and contained net profit projections of $350,000 for 2017 and $750,000 for 2018. *Id*. In November 2016, Pravati advanced funds under the terms of the Agreement in the net amount of $43,750. Compl. at ¶ 15, ECF No. 1. No repayments were ever made to Pravati. *Id*.

In May 2018, Pravati commenced a collection arbitration proceeding before the American Arbitration Association against the Debtor, Mr. Hensley, and the Firm (the "Arbitration"). *Id*. at ¶ 22. On August 22, 2018, a preliminary hearing was held before an arbitrator after which a final hearing was scheduled for October 16, 2018 (the "Final Hearing"). Pl's Ex. H, ECF No. 12-12; Pl's Ex. B, ECF No. 12-3. At the Final Hearing, the arbitrator found that the Debtor and the Firm had actual notice of Final Hearing. Pl's Ex. B. The arbitrator also found that the Plaintiff provided necessary service and additionally exhausted all reasonable efforts to ensure Mr. Hensley had

actual notice of the Final Hearing. *Id*. Despite notice to all three responding parties, no responding party appeared at the Final Hearing. *Id*.

The Final Hearing was an evidentiary hearing at which the Plaintiff offered the testimony of one witness. *Id*. At the conclusion of the Final Hearing, after considering the evidence, the Arbitrator summarily found that the Debtor, the Firm, and Mr. Hensley "fraudulently induced Pravati to enter into the [Agreement] by misrepresenting their current and active cases and financial status to Pravati for underwriting purposes." *Id*. The Arbitrator thereafter held the Debtor, the Firm, and Mr. Hensley jointly and severally liable to Pravati in the amount of $64,721.91[1] plus post-award interest at the rate of 2.0% per month, collection expenses, and fees (the "Award"). *Id*. at ¶ 23.

In June 2019, the Plaintiff timely filed a petition with the Superior Court of the State of Arizona for Maricopa County (the "Arizona Court") to confirm the Award and enter judgment (the "Confirmation Motion"). Compl. at ¶ 26, ECF No. 1. The Debtor was served with a copy of the Confirmation Motion on September 10, 2019. Pl's Ex. F, ECF 12-7. It does not appear that Mr. Hensley was ever served with the Confirmation Motion. Neither the Debtor nor the Firm appeared in the Arizona Court. In April 2020, the Arizona Court granted the Confirmation Motion, and on May 19, 2020 entered a joint and several judgment for Pravati against the Debtor and the Firm in the amount of $89,316.24 with interest to accrue at 2% per month plus an additional $9,294.32 for reasonable attorney fees (the "Arizona Judgment"). Pl's Ex. A, ECF No. 12-2. The Debtor did not appeal the Arizona Judgment. Pl's Mot. Summ. J. at 2, ECF No. 12-1; Pl's Ex. 3, ECF No. 12-11.

---

[1] The total award was comprised of $43,750.00 in net principal, interest through October 31, 2018 of $4,695.33, $129.08 for mailing costs, AAA administrative fees of $2,070.00, compensation of Arbitrator of $2,500.00, and reasonable attorneys' fees of $11,577.50.

  b.  *Bankruptcy Court*

  On March 25, 2021, the Debtor filed a voluntary chapter 7 petition and listed Pravati as a general unsecured creditor on Schedule E/F in the amount of $89,316.24. *In re Pe*, Case No. 21-00080-ELG, Vol. Pet. at 3 (March 25, 2021), ECF No. 1. On June 28, 2021, Pravati timely commenced this Adversary Proceeding by filing a Complaint seeking an order declaring the Arizona Judgment nondischargeable under Bankruptcy Code[2] §§ 523(a)(2)(A) and/or (B). Compl. at ¶ 6, ECF No. 1; Pl's Proposed Order, ECF No. 12-13. On August 1, 2021, the Debtor filed an Answer. Def's Answer, ECF No. 6. On February 2, 2021, Pravati filed the Motion, and on February 20, 2021 the Debtor filed an objection to the Motion (the "Objection"). Pl's Mot. Summ. J. at 1, ECF No. 12-1., Def's Obj., ECF No. 13. One week later, on February 28, 2022, the Plaintiff filed a reply in support of the Motion (the "Reply"). Pl's Reply, ECF No. 14-1. Shortly thereafter, the Debtor filed the Motion to Strike the Reply, Def's Mot. Strike, ECF No. 15, to which Plaintiff responded. Pl's Obj. Def's Mot. Strike, ECF No. 22. At the hearing held March 9, 2022, the parties submitted the Motion and the Motion to Strike to the Court on the papers and subsequently the Court entered a Pretrial Order setting this case for trial. Order, ECF No. 18. However, on May 11, 2022, due to unexpected delays, the Court entered its *Order Continuing Trial* pending resolution of the Motion and the Motion to Strike. Order Continuing, ECF No. 30.

  c.  *Motion for Summary Judgment*

  In its Motion, Pravati asserts that the Arizona Judgment is nondischargeable under § 523(a)(2). Pl's Mot. Summ. J. at 8, ECF No. 12-1. In support of its argument, Pravati points to the arbitrator's summary finding that the Debtor, the Firm, and Mr. Hensley "fraudulently induced Pravati to enter into the [Agreement] by misrepresenting their current and active cases and

---

[2] Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). All section references herein shall be the Bankruptcy Code specifically stated otherwise.

financial status to Pravati for underwriting purposes" (the "Finding") and the Arizona Court's confirmation of the Award including the Finding. Pl's Mot. Summ. J at 3; Pl's Ex. A, ECF No. 12-2; Pl's Ex. B, ECF No. 12-3. Pravati's argues the Arizona Judgment and the Finding of the Arbitrator are preclusive as to the issue that the Debtor committed actual fraud, and therefore Pravati is entitled to judgment as a matter of law on its § 523(a)(2) nondischargeability claim. *See* Pl's Mot. Summ. J. at 4–7, ECF No. 12-1.

In his Objection, the Debtor argues that the Arizona Judgment is not entitled to preclusive effect and that there is a genuine issue of material fact such that summary judgment is not appropriate. Def's Obj. at 5, ECF No. 13. The Debtor does not challenge the facts related to the filing, service, occurrence of the arbitration hearing, or entry of the arbitration award, instead arguing that certain facts alleged in support of/as part of the proceeding resulting in the Award are inaccurate. *See id*. at 2-6. The Debtor argues that the Award should not have preclusive effect because the Debtor did not participate in the arbitration and, thus, there was no "trial on the merits" and the Award and resulting Arizona Judgment for fraud in the inducement under Arizona law are insufficient to meet the elements for nondischargeability under § 523(a)(2)(A). *Id*. at 2, 3.

The Debtor's Motion to Strike alleges that the Plaintiff's Reply contains misleading information and asks the Court to strike the reply. Debtor's Mot. Strike at 2, ECF No. 15. The principal argument in the Motion to Strike is focused on a fact not referenced by the arbitrator nor relevant to whether the Arizona Judgment has a preclusive effect in this case. Further, the Motion to Strike is devoid of any authority or other legal basis upon which to strike the Reply. Therefore, for the reasons stated herein, the Motion is granted and the Motion to Strike is denied.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052.

### Discussion

*a.    Legal Standard*

*i.    Summary Judgment*

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material where it "might affect the outcome of the suit under the governing law," and a dispute is genuine if resolution thereof "could establish an element of a claim or defense and, therefore, affect the outcome of the action." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Celotex*, 477 U.S. at 322. When evaluating a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Evans v. Sebelius*, 716 F.3d 617, 619 (D.C. Cir. 2013). "The movant has the burden of showing that there is no genuine issue of fact, but the [nonmoving party] is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson*, 477 U.S. at 256. To the contrary, "a party

opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id*.

        *ii.*        *No Genuine Issue of Material Fact*

The issue in this case is whether the Arizona Judgment has preclusive effect as to issue of nondischargeability of the debt under § 523(a)(2)(A). In the Debtor's Objection to the Motion, the Debtor challenges the validity of many factual assertions made by the Plaintiff in the arbitration, however, none of those facts are material to the Court's consideration herein. The Defendant was properly served with the arbitration notice, and while the Defendant did not attend, it is still binding nonetheless.[3] The material facts herein are the entry of the Award, the Finding, and the Arizona Judgment. Nothing in the Debtor's Objection alleges that any of the facts related to the occurrence or validity of those proceedings are in dispute. Rather, the Debtor seeks to instead challenge the facts alleged by the Plaintiff in support of the Award and the Finding. The Court does not have jurisdiction to review the decision of a state court judgment under the *Rooker-Feldman* doctrine, and any arguments relying thereon do not create a genuine issue of material fact. *See, e.g., Jackson v. Off. of the Mayor of D.C.*, 911 F.3d 1167, 1170 (D.C. Cir. 2018) (barring "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Therefore, the Court finds that there are no genuine issues of material fact in this case.

---

[3] To accept the Defendant's argument that a party could simply choose not to attend a proceeding for which they were properly served and such non-attendance would be a defense to the validity of the proceeding would undermine the entire American legal system.

      *iii.*      *Choice of Law*

Before the Court can consider the preclusive effect of the Arizona Judgment, the Court must determine the applicable preclusion law to apply in this case – District of Columbia, Arizona, or other. The choice of law analysis starts with the proposition that a "state court's confirmation of [an] arbitration award constitutes a judicial proceeding . . . , and thus must be given the full faith and credit it would receive under state law." *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989), *cert denied*, 493 U.S. 817 (1989). Thus, a federal court must give to a state court judgment confirming an arbitration award the same preclusive effect as would be given that judgment under the law of the state in which the arbitration award judgment was rendered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Presidential Bank, FSB v. 1733 27th St. SE LLC,* 318 F. Supp. 3d 61, 70 (D.D.C. 2018) (applying Maryland law of preclusion to determine if a judgment entered in Maryland has preclusive effect); *Child v. Foxboro Ranch Estates, LLC (In re Child)*, 486 B.R. 168, 172 (B.A.P. 9th Cir. 2013) (applying the Arizona law of preclusion to determine if a claim in Arizona has preclusive effect). Therefore, the Court must apply the Arizona law of preclusion in this matter.

      *iv.*      *Claim Preclusion*

The Plaintiff argues that the Court should apply the doctrine of claim preclusion (also known as res judicata) in this case. Pl's Mot. Summ. J., ECF 12-1 at 5. In general, claim preclusion bars parties from "relitigating an identical issue" and therefore promotes "judicial economy by preventing needless litigation." *Hall v. Lalli*, 977 P.2d 776, 779 (1999) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (internal quotations omitted)). Under Arizona law, a party seeking to invoke claim preclusion must establish "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous

litigation, and (3) identity or privity between parties in the two suits." *Lawrence T. v. Dep't of Child Safety*, 438 P.3d 259, 261–62 (Ariz. Ct. App. 2019) (citing *In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 127 P.3d 882, 887–88 (2006)). In this case, there is no dispute that the parties – the Debtor and Pravati – are two of the same three parties to the Arizona Judgment (the third, the Firm, is not necessary herein) and the third element of identity of the parties is satisfied.[4] Thus, the issue of preclusion herein turns on whether first two elements are satisfied.

1. *Identity of Claims*

To determine whether there is an identity of claims, Arizona courts apply the "same evidence test." *Lawrence*, 438 P.3d at 264. Under the same evidence test, a second action will be precluded when "no additional evidence is needed to prevail in the second action than that needed in the first." *Id.* (quoting *Phoenix Newspapers, Inc. v. Dep't of Corr., State of Ariz.*, 934 P.2d 801, 804 (Ariz. Ct. App. 1997)). Therefore, applying this standard in this Case, if the evidence Pravati presented in order to prevail in the Arbitration would be sufficient for it to prevail on its § 523(a)(2)(A) claim, then the identity of claims element is satisfied.

During the Arbitration, in support of the Finding, Pravati was required to establish the elements of common law fraud under Arizona law by clear and convincing evidence. *Rice v. Tissaw*, 112 P.2d 866, 869 (1941) ("Fraud is never presumed … [i]t must be shown by clear and convincing evidence."); Pl's Ex. H, ECF No. 12-12 (preliminary hearing scheduling order stating arbitrator applied Arizona law). Under Arizona law, the elements of fraud are:

> (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his

---

[4] While Mr. Hensley was a party to the Award because he was not served in the Arizona Court, he was not a party to the Arizona Judgment.

consequent and proximate injury.

*Tissaw*, 112 P.2d at 868. In the Award, and by issuing the Finding, it is manifestly evident that the arbitrator determined that Pravati carried its burden of proof on each of the required elements of fraud under Arizona law at the evidentiary Arbitration hearing. *See* Pl's Ex. B, ECF No. 12-3 ("I find that Respondents fraudulently induced Pravati to enter into the Law Firm Legal Funding Contract & Security Agreement dated October 26, 2016 ("Agreement") by misrepresenting their current and active cases and financial status to Pravati for underwriting purposes."). For purposes of preclusion, the Finding, as incorporated into the Arizona Judgment, conclusively establishes that Pravati proved each element of fraud under Arizona law by clear and convincing evidence.

The burden of proof on a § 523(a)(2)(A) action is the preponderance of the evidence standard. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). The clear and convincing evidentiary standard utilized in Arizona fraud determinations is more rigorous than the § 523(a)(2)(A) preponderance of the evidence standard. *See, e.g., In re Cater*, 887 A.2d 1, 24 (D.C. Cir. 2005) ("When we speak of clear and convincing evidence, we mean more than a preponderance of the evidence; we mean evidence that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.") (internal quotation omitted). As a result, as long as there is a substantial identity of the factors for fraud under Arizona law with § 523(a)(2)(A), a party proving fraud under Arizona law necessarily meets the identity of claims requirement for preclusion purposes.

The elements for actual fraud under § 523(a)(2)(A) are:

(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*In re Donna*, No. AP 16-10026, 2019 WL 5550596, at *11 (D.D.C. Oct. 28, 2019) (quoting *In re Holland*, No. 12-00496, 2013 WL 2190164, at *3 (Bankr. D.D.C. May 21, 2013) and relying upon *In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000)). The Ninth Circuit Bankruptcy Appellate Panel has held that the elements of common law fraud under Arizona law mirror the elements for nondischargeability § 523(a)(2)(A). *See Francis v. McLaughlin (In re Francis)*, No. AZ-12-1281, 2013 WL 3497657 at *4 (B.A.P. 9th Cir. July 12, 2013) (considering whether default judgment for fraud had preclusive effect). Therefore, the Court finds that Pravati successfully established the elements of fraud under Arizona law at the higher clear and convincing standard, meeting the same evidence test, and for preclusion purposes the Arizona Judgment and underlying the Finding meet the identity of claims standard with § 523(a)(2)(A).

## 2.    *Final Judgment on the Merits*

The final element in determining the preclusive effect of the Arizona Judgment is whether there was a final judgment on the merits in the previous litigation. As set forth *supra*, a state court judgment confirming an arbitration award must be given the same effect as a judgment under the law of the state in which the arbitration was rendered. *See Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). In determining the finality of a judgment, Arizona courts rely on the Restatement (Second) of Judgments. *See e.g., Lawrence* T. *v. Dep't of Child Safety*, 438 P.3d 259, 262 (Ariz. Ct. App. 2019) (citing Restatement (Second) of Judgments § 13 (Am. L. Inst. 1982)). The Restatement provides that a "'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (Am. L. Inst. 1982). A judgment is not final when it is "merely tentative in the very action which it was rendered" it must be "the last word of the rendering court…." *Id*. cmt. a. Moreover, under Arizona law, "[u]pon the granting of an order

confirming … an award judgment or decree shall be … enforced as any other judgment or decree." Ariz. Rev. Stat. Ann. § 12-1514 ("Section 12-1514").

The Award is clear that it is not a default judgment, rather the Plaintiff was required to present evidence and testimony at the arbitration hearing. Pl's Ex. B, ECF No. 12-3. The Award was then issued on the merits of the case presented to the arbitrator. *See id*. Thus, the Award was a judgment on the merits. Furthermore, the Plaintiff timely sought and obtained confirmation of the Award by the Arizona Court as required by Arizona Revised Statute Section 12-1514. Ariz. Rev. Stat. Ann. § 12-1514 (noting that before an award can be reduced to judgment, the court must enter and order confirming the award). The Arizona Judgment was not timely appealed, and therefore, under Arizona law it is now a final judgment. Pl's Ex. A., ECF No. 12-1. The Arizona Judgment was entered after a finding that there is "no just reason for delaying the entry of Judgment" and pursuant to Arizona Rule of Civil Procedure 54 (b) which provides that in such circumstances "the court may direct entry of a final judgment." Pl's Ex. A., ECF No. 12-2; Ariz. R. Civ. P. 54. Therefore, the Court finds that there is no dispute that the Arizona Judgment a final judgment on the merits.

Accordingly, the Court finds that all three required elements under Arizona law for claim preclusion are met in this case. Therefore, as a matter of law, claim preclusion applies and the Award and Judgment have preclusive effect as to actual fraud under § 523(a)(2)(A) and Pravati is entitled to judgment as a matter of law on its nondischargeability claim.

**Conclusion**

For the reasons stated herein, the motion for summary judgment is granted. The Arizona Judgment is a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A). A separate judgment follows.

[Signed and dated above.]

Copies to: recipients of electronic notice.